**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

KOLA ADEGOKE,

Plaintiff,

v.

USCIS, *et al.*,

Defendants.

Civil No. 25-14184-RMB-EAP

**MEMORANDUM ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**:

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Kola Adegoke's ("Plaintiff's") unopposed Motion for Leave to File a Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d). [Docket No. 28.] Plaintiff has appended a copy of the proposed Supplemental Complaint to his request. [Docket No. 28-2 ("Proposed Suppl. Compl.").]

Plaintiff alleges that Defendants United States Citizenship and Immigration Services ("USCIS"), Joseph B. Edlow, as Director of USCIS, and Kristi Noem,[1] as Secretary of the Department of Homeland Security, violated the Administrative Procedure Act ("APA") when they denied his immigration petition for an EB-1A, or extraordinary ability, visa. [Docket No. 1.] According to the proposed Supplemental

[1] Markwayne Mullin assumed the Secretaryship of the Department of Homeland Security on March 24, 2026. Pursuant to Federal Rule of Civil Procedure 25(d)(1), the Court will order the Clerk of the Court to substitute Secretary Mullin for Ms. Noem.

Complaint, Plaintiff submitted an I-140 application to obtain an extraordinary ability visa on March 24, 2025. [Proposed Suppl. Compl. ¶ 16.] USCIS denied that application on May 13, 2025. [*Id.* ¶ 17.] Plaintiff thereafter initiated the matter before this Court around three months later. [Docket No. 1.] During the pendency of this action, Plaintiff filed a second I-140 application seeking an extraordinary ability visa on April 23, 2026. [Proposed Suppl. Compl. ¶ 20.] "[T]o review the entire petition and all of the evidence submitted," USCIS reopened Plaintiff's first I-140 application in July 2026 to consider it alongside the second application. [*Id.* ¶ 22.]

In order "to fully evaluate Plaintiff's petitions" and complete the agency review process, the parties filed a proposed Consent Order staying all deadlines and administratively terminating the case, with the parties required to submit, no later than November 19, 2026, a joint status letter requesting either that the Court dismiss the case, extend the administrative termination, or restore the case to active status. [Docket No. 24.] On August 24, 2026, the Court entered the parties' Consent Order. [Docket No. 25.] Following agency review, USCIS denied Plaintiff's second application on September 16, 2026, and his first application on September 21, 2026. [Proposed Suppl. Compl. ¶¶ 26–27.]

Two days later, on September 23, 2026, Plaintiff filed an unopposed request to reopen the case for the limited purpose of seeking leave to file a supplemental complaint pursuant to Rule 15(d). [Docket No. 26.] The Court granted that request, and Plaintiff timely filed the Motion for Leave to File a Supplemental Complaint,

accompanied by a copy of the proposed Supplemental Complaint. [Docket Nos. 28; 28-2 ("Proposed Suppl. Compl.").]

Rule 15(d) governs the filing of supplemental pleadings. "Requests to supplement pleadings are left to the sound discretion of the court." *Glenside West Corp. v. Exxon Co., U.S.A.*, 761 F. Supp. 1118, 1133 (D.N.J. 1991). Under the Rule, a court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). "Thus, rather than set forth additional events that occurred before the original complaint was filed, as does a Rule 15(a) amendment, a supplemental pleading under Rule 15(d) presents more recent events." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).

"The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Planker v. Christie*, No. 13-4464, 2018 WL 4639197, at *3 (D.N.J. Sept. 27, 2018) (quoting *Coca-Cola Bottling Co. of Elizabethtown v. Coca-Cola Co.*, 668 F. Supp. 906, 922 (D. Del. 1987)). This in turn "promotes judicial economy … [and] … avoids multiplicity of litigation." *Tormasi v. Hayman*, No. 09-2330, 2010 WL 1878961, at *2 (D.N.J. May 10, 2010) (quoting *Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 360 (D.N.J. 2000)).

"While the text of Rule 15(d) does not include Rule 15(a)'s explicit mandate that leave be 'freely give[n],' courts have construed Rule 15(d) to require such a liberal approach." *Id.*; *see also Garrett*, 938 F.3d at 89; *Strenger v. Miner*, No. 17-3332, 2021

WL 1207474, at *4 (D.N.J. Mar. 31, 2021) (citation and internal quotation marks omitted) ("The standard under Rule 15(d) is essentially the same as that under Rule 15(a)."). As such, "[l]eave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading." *Hassoun*, 126 F. Supp. 2d at 360–61.

The Court will grant Plaintiff's paradigmatic request to file the proposed Supplemental Complaint alleging subsequent administrative action. In seeking to supplement the Complaint, Plaintiff is effectively substituting the "more recent," *Garrett*, 938 F.3d at 82, September 2026 visa application denials for the original May 2025 visa application denial and asking for judicial review thereof. In other words, Plaintiff is "setting out … transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). Rule 15(d) is crafted for such a purpose.

Moreover, Plaintiff's request unmistakably presents no undue delay, bad faith, dilatory tactics, undue prejudice, or futility. Following review of Plaintiff's visa applications while this case was administratively terminated at the parties' joint request, USCIS denied Plaintiff's visa applications on September 16 and 21, 2026. [Proposed Suppl. Compl. ¶¶ 26–27.] Plaintiff then diligently filed, in accordance with the Court's previous Order, an unopposed request to reopen the case for the purpose of obtaining leave to file a Rule 15(d) motion. [Docket No. 26.] The Court granted that request, pursuant to which Plaintiff timely filed the unopposed Motion for Leave

to File a Supplemental Complaint. [Docket Nos. 27–28.] Futility poses no bar, too, as the Court, "[k]eeping in mind the absence of Defendants' positions to consider," determined that Plaintiff "plausibly alleges a violation of the APA at this time," upon screening Plaintiff's *in forma pauperis* application and the Complaint. *See* [Docket No. 9.] Review of the proposed Supplemental Complaint does not alter the Court's preliminary finding. In short, the parties have cooperatively and timely achieved administrative review of Plaintiff's visa applications to ensure comprehensive judicial review before this Court. Accordingly,

**IT IS**, on this **30th** day of **October** **2026**, hereby:

1. **ORDERED** that Plaintiff's Motion for Leave to File a Supplemental Complaint [Docket No. 28] is **GRANTED**; and it is further

2. **ORDERED** that the Clerk of the Court shall file the proposed Supplemental Complaint docketed at 28-2; and it is further

3. **ORDERED** that the Clerk of the Court shall **LIFT** the stay and that this case shall proceed in the regular course. To the extent the parties have proposals or requests for pretrial deadlines, those shall be submitted on the docket and addressed to Magistrate Judge Elizabeth A. Pascal; and it is further

4. **ORDERED** that Defendants shall have the opportunity to file an answer or otherwise respond to the Complaint and Supplemental Complaint on the latter's date of filing in conformity with the Federal Rules of Civil Procedure, this District's Local

Civil Rules, this Court's Individual Rules and Procedures, and Magistrate Judge Elizabeth A. Pascal's Judicial Preferences; and it is finally

5. **ORDERED** that the Clerk of the Court shall substitute Secretary Markwayne Mullin of the Department of Homeland Security for Kristi Noem pursuant to Federal Rule of Civil Procedure 25(d)(1).

**/s/ Renée Marie Bumb**
Renée Marie Bumb
Chief United States District Judge